UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

ERIN BASKETT,

                    Plaintiff,                                    Case No. 1:17-cv-9237 (VSB)

        v.                                                       **DEFENDANTS' ANSWER AND
                                                                 SEPARATE DEFENSES TO
AUTONOMOUS RESEARCH LLP, et al.,                                 PLAINTIFF'S AMENDED
                                                                 COMPLAINT**

                    Defendants.

------------------------------------------------------------------ X

        Defendants Autonomous Research US LP ("Autonomous US"), Autonomous Research

LLP ("Autonomous UK"), Erickson Davis, Stuart Graham, and Jonathan Firkins (collectively

"Defendants")[1], by and through their undersigned counsel, Proskauer Rose LLP, hereby respond

to Plaintiff Erin Baskett's ("Plaintiff") First Amended Complaint ("Complaint") dated February

16, 2018 (ECF No. 50).  Pursuant to Fed. R. Civ. P. 8(b), Defendants generally deny all

allegations set forth in the Complaint, expect those specifically admitted herein.

## AS TO "PRELIMINARY STATEMENT"

        1.      Defendants admit that Plaintiff joined Autonomous US in 2012 as a Managing

Partner and worked, along with her fellow Partners, to establish Autonomous US as a leading

financial research firm.  Defendants state that, by way of Memorandum Opinion and Order dated

September 28, 2018 (ECF No. 100), the Court dismissed with prejudice Plaintiff's claim under

the Sarbanes–Oxley Act, 18 U.S.C. § 1514A ("SOX claim").  *See* ECF No. 100 at 17.

Therefore, no response to the allegations contained in the second sentence of paragraph 2 of the

Complaint is necessary or appropriate because those allegations pertain to Plaintiff's SOX claim,

---

[1] In the Memorandum Opinion and Order dated September 28, 2018 (ECF No. 100), the Court dismissed with prejudice all claims asserted against Defendant Samantha Guthrie.  *See* ECF No. 100 at 9 n.3.  Ms. Guthrie, therefore, is not required to respond, and does not respond, to any of the allegations in the Amended Complaint.

which has been dismissed with prejudice.  To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff, through her role in compliance, raised unfounded compliance concerns to certain Partners of Autonomous US.

2.       No response to the allegations contained in paragraph 2 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff, through her role in compliance, raised unfounded compliance concerns to certain Partners, including Mr. Davis and Mr. Firkins.

3.       No response to the allegations contained in paragraph 3 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint, except admit that Plaintiff, through her role in compliance, raised unfounded compliance concerns to certain Partners of Autonomous US directly and through her counsel.

4.       No response to the allegations contained in paragraph 4 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.       No response to the allegations contained in paragraph 5 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiff, through her role in compliance, raised unfounded compliance concerns to certain Partners of Autonomous US.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      No response to the allegations contained in paragraph 7 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit that Plaintiff purports to bring causes of action under the statutes listed in paragraph 8 of the Complaint and for the relief sought in the Complaint, but deny that Defendants violated any statute or law, that Plaintiff is entitled to any relief, and otherwise deny all remaining allegations in paragraph 8 of the Complaint.  Defendants further state that Plaintiff's SOX claim has been dismissed with prejudice.  *See* ECF No. 100.

### AS TO "JURISDICTION AND VENUE"

9.      Defendants admit that Plaintiff invokes the Court's jurisdiction under the statutes listed in paragraph 9 of the Complaint, but deny that any events or omissions took place that would give rise to or otherwise support jurisdiction in the Court.  Defendants admit that Plaintiff seeks to invoke the Court's supplemental jurisdiction over her state law claims under the statute listed in paragraph 9 of the Complaint, but deny that any events or omissions took place that would give rise to or otherwise support supplemental jurisdiction in the Court.

10.     Defendants admit that Plaintiff invokes venue in this district under the statutes listed in paragraph 10 of the Complaint, but deny that any events or omissions took place that would support venue in this district.

## AS TO "ADMINISTRATIVE PREREQUISITES"

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 12 of the Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 13 of the Complaint.

14.     No response to the allegations contained in paragraph 14 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.     No response to the allegations contained in paragraph 15 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains a conclusion of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 16 of the Complaint.

## AS TO "PARTIES"

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint, except admit that Plaintiff is a Managing Partner and co-owner of Autonomous US.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint, except admit that Autonomous UK is a United Kingdom foreign limited liability partnership, headquartered in London, with its principal place of business located at 1 Bartholomew Lane, Floor 2, London EC2N 2AX, United Kingdom.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that Autonomous US is a Limited Partnership organized in the State of Delaware and which is headquartered in New York City, with its principal place of business located at 1325 Avenue of the Americas, 23rd Floor, Suite 2303, New York, New York 10019.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that certain Partners of Autonomous UK together own at least 50 percent of the equity of Autonomous US and Mr. Davis is the current Chief Executive Officer of Autonomous UK and Autonomous US.  Defendants further state that the allegation "Defendant Autonomous Research US LP is the alter ego of Defendant Autonomous Research LLP" is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegation.

21.     Paragraph 21 of the Complaint contains the definition of a term used by Plaintiff in her Complaint to which no response is required.  To the extent a response is required, Defendants deny that collectively referring to Autonomous US and Autonomous UK is appropriate and accurate but admit that Plaintiff has done so in the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that Mr. Graham is the former Chief Executive Officer of Autonomous UK, a former Managing Partner of Autonomous UK, and a current Partner of Autonomous UK.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint, except admit that Mr. Davis is the former Deputy Chief Executive Officer of Autonomous US and the current Chief Executive Officer of Autonomous UK and Autonomous US.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint, except admit that Mr. Firkins is currently a Managing Partner of Autonomous UK and Global Chief Financial Officer.

25.     No response to the allegations contained in paragraph 25 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's claims against Ms. Guthrie, all of which have been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit that Ms. Guthrie is a Partner of Autonomous UK and the current Global Head of Compliance.

## AS TO "FACTUAL ALLEGATIONS"

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint, except admit that Plaintiff joined Autonomous US in August 2012 and that Autonomous US is an equity and credit research firm.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint, except admit that Plaintiff was previously employed by Smith, Moore and Co., a broker-dealer in St. Louis, Missouri, Plaintiff joined Autonomous US as a founding member and Managing Partner, Plaintiff is one of only three Managing Partners of Autonomous US, and Plaintiff was

responsible for working with her fellow Partners to found Autonomous US, which is headquartered in New York City.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint, except admit that Plaintiff served as a Managing Partner, the Chief Compliance Officer, and the Chief Operations Officer of Autonomous US in 2012, and, as part of those roles, Plaintiff worked to ensure that Autonomous US was compliant with all applicable financial services and tax laws, rules, and regulations.

29.     Defendants admit the allegations contained in paragraph 29 of the Complaint, but deny the characterization in paragraph 29 that Autonomous US is "the U.S. office."

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that Plaintiff's performance has been acknowledged from time to time by Autonomous Partners.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint, except admit that Plaintiff, through her role as Chief Compliance Officer, contributed to Autonomous US obtaining multiple flawless audit reports from FINRA.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint, except admit that, in 2014, Mr. Graham asked Plaintiff to be involved with an aspect of Autonomous UK's compliance that related to FINRA.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint, except admit that throughout the 2015 calendar year, Plaintiff held the title of Global Chief

Compliance Officer and, in that role, she coordinated certain of Autonomous' compliance functions globally.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint, except admit that Plaintiff received periodic performance reviews.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint, except admit that Plaintiff received a "360-degree review" in 2016 that included statements from others that she was one of the "hardest working" people at Autonomous.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint, except admit that Plaintiff received a "360-degree review" in 2016 that included statements from others that she was the "backbone of the NY office" and had "Autonomous' best interest in mind."  Defendants lack knowledge or information sufficient to form a belief about the truth of allegation "some of her peers stated and/or wrote" that "if she were to leave the Firm, they would resign immediately, as the Firm would not be the same without her."

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint, except admit that Plaintiff was among the Partners that were integral to the success of Autonomous US.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint, except admit that Plaintiff had no decision-making role in determining her own compensation, and at certain times her compensation was determined by Mr. Graham and Mr. Davis and at certain other times her compensation was determined by Mr. Firkins and Mr. Davis.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint and footnote 1 of the Complaint, except admit that Plaintiff was and is the only female Partner of Autonomous US and is currently one of three Managing Partners of Autonomous US.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint. Defendants further deny the allegations contained in footnote 2 of the Complaint, except admit that Plaintiff is a Managing Partner who signed the Partnership Agreement of Autonomous US and voluntarily agreed to the confidentiality provisions contained therein.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint. Defendants further deny the allegations in footnote 3 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint and deny the knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "male partners who started with the Firm shortly after Ms. Baskett."

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint. Defendants aver that, in early 2013, Plaintiff did not raise any concerns relating to her gender and did not complain "about the unlawful role that her gender has played in Defendants' decisions regarding her employment."

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants admit the allegations contained in paragraph 50 of the Complaint, but deny the characterization in paragraph 50 that Autonomous US is "the U.S. office."

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint. Defendants aver that Plaintiff specifically negotiated her compensation prior to joining

Autonomous US and the compensation she received from Autonomous US was significantly higher than the compensation she received from her prior employer, a broker-dealer in St. Louis, Missouri.  Defendants further aver that that Autonomous offered (and Plaintiff accepted) a starting compensation package greater than that recommended by the executive search firm involved in her hire.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint, except admit that Plaintiff lived in the New York area from at least 2012 to August 2016, when she unilaterally moved back to Missouri without any advance notice to her fellow Partners.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint, except admit that, in fiscal year 2013, Partner C earned approximately twice the amount earned by Plaintiff.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint, except admit that, in light of his role within the firm, in fiscal years 2015 and 2016, Partner D earned more than twice the amount earned by Plaintiff.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint. Defendants aver that, in late 2013 or early 2014, Plaintiff did not raise any concerns relating to her gender and did not allege the existence of any "persistent gender-driven compensation disparities."

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint, except admit that, in early 2013, Autonomous US offered Plaintiff an increase of her base salary.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint. Defendants aver that, in early 2014, Plaintiff did not raise any concerns relating to her gender and did not allege the existence of any "persistent gender-driven compensation disparities." Defendants further aver that, in early 2014, Plaintiff spoke to Mr. Graham concerning her view that she was underpaid in relation to other Partners and as compared to the market, without regard to her gender.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint, except admit that, in or around April 2014, Mr. Graham communicated with Plaintiff concerning her role as a Partner of Autonomous US and additional responsibility that she was to take on relating to special projects.  Defendants further admit that, as part of this enhanced role, Plaintiff was informed of the minimum expected value of her May 2013 bonus, and that she would receive additional equity in Autonomous US.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint, except admit that Mr. Graham communicated with Plaintiff concerning her role as a Partner of Autonomous US and Plaintiff did not leave Autonomous US.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint, except admit that Mr. Davis became the Deputy CEO of Autonomous US.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     No response to the allegations contained in paragraph 72 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claims, which have been dismissed with prejudice.  *See* ECF No. 100.

73.     No response to the allegations contained in paragraph 73 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claims, which have been dismissed with prejudice.  *See* ECF No. 100.

74.     No response to the allegations contained in paragraph 74 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

75.     No response to the allegations contained in paragraph 75 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

76.     No response to the allegations contained in paragraph 76 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

77.     No response to the allegations contained in paragraph 77 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

78.     No response to the allegations contained in paragraph 78 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

79.     No response to the allegations contained in paragraph 79 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

80.     No response to the allegations contained in paragraph 80 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

81.     No response to the allegations contained in paragraph 81 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

82.     No response to the allegations contained in paragraph 82 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

83.     No response to the allegations contained in paragraph 83 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

84.     No response to the allegations contained in paragraph 84 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

85.     No response to the allegations contained in paragraph 85 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

86.     No response to the allegations contained in paragraph 86 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

87.     No response to the allegations contained in paragraph 87 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint, except admit that, in late 2015, Autonomous engaged in discussions concerning restructuring the Partnership.

88.     No response to the allegations contained in paragraph 88 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 88 of the Complaint, except admit that Plaintiff, through her role in compliance, raised unfounded compliance concerns to certain Partners and that Ms. Guthrie became the Global Head of Compliance.  Defendants further aver that the Global Head of Compliance role was and is a coordinating role and the person in that role was never required to hold licenses in each of the jurisdictions in which Autonomous operated.

89.     No response to the allegations contained in paragraph 89 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.    No response to the allegations contained in paragraph 90 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.    No response to the allegations contained in paragraph 91 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 91 of the Complaint, except admit that Plaintiff complained that Ms. Guthrie became the Global Head of Compliance instead of her.  Defendants further aver that Ms. Guthrie's appointment to the role of Global Head of Compliance has not exposed Autonomous to any liability whatsoever, much less to any "serious liability."

92.    No response to the allegations contained in paragraph 92 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.    No response to the allegations contained in paragraph 93 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.    No response to the allegations contained in paragraph 94 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.    No response to the allegations contained in paragraph 95 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 95 of the Complaint, except admit that Plaintiff, through her role in compliance, raised unfounded compliance concerns to Mr. Davis in 2016.

96.    No response to the allegations contained in paragraph 96 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.    No response to the allegations contained in paragraph 97 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 97 of the

Complaint, except admit that Plaintiff received the same amount of bonus compensation in November 2016 as in November 2015.

98.     No response to the allegations contained in paragraph 98 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     No response to the allegations contained in paragraph 99 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 99 of the Complaint, except admit that, in April 2016, Plaintiff spoke with Mr. Firkins concerning Ms. Guthrie's position as the Global Chief Compliance Officer.

100.    No response to the allegations contained in paragraph 100 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 100 of the Complaint, except admit that Mr. Firkins recommended Ms. Guthrie for the Global Chief Compliance Officer position because of the breadth of her experience and that she was resident in Autonomous' UK office in London.

101.    No response to the allegations contained in paragraph 101 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 101 of the

Complaint, except admit that Plaintiff rejected the explanations provided by Mr. Firkins and

offered to move to the UK.

102.    No response to the allegations contained in paragraph 102 of the Complaint is

necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 102 of the

Complaint.

103.    No response to the allegations contained in paragraph 103 of the Complaint is

necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 103 of the

Complaint, except admit that Ms. Guthrie complained that Plaintiff was undermining Ms.

Guthrie's authority and that Plaintiff was refusing to cooperate with Ms. Guthrie in her role as

the Global Head of Compliance.

104.    No response to the allegations contained in paragraph 104 of the Complaint is

necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 104 of the

Complaint.

105.    No response to the allegations contained in paragraph 105 of the Complaint is

necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.     No response to the allegations contained in paragraph 106 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.     No response to the allegations contained in paragraph 107 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.     No response to the allegations contained in paragraph 108 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.     No response to the allegations contained in paragraph 109 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    No response to the allegations contained in paragraph 110 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    No response to the allegations contained in paragraph 111 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    No response to the allegations contained in paragraph 112 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.    No response to the allegations contained in paragraph 113 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 113 of the Complaint, except admit that Ms. Guthrie complained that Plaintiff was undermining Ms. Guthrie's authority and that Plaintiff was refusing to cooperate with Ms. Guthrie in her role as the Global Head of Compliance.

114.    No response to the allegations contained in paragraph 114 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    No response to the allegations contained in paragraph 115 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 115 of the Complaint, except admit that Mr. Crean was asked to meet with Ms. Guthrie and Plaintiff to help resolve their differences because of the complaints raised by Ms. Guthrie concerning Plaintiff's behavior.

116.    No response to the allegations contained in paragraph 116 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    No response to the allegations contained in paragraph 117 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.   No response to the allegations contained in paragraph 118 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.   No response to the allegations contained in paragraph 119 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 119 of the Complaint, except admit that, on December 13, 2016, Mr. Crean sent an email to Mr. Davis that contains the text selectively quoted in paragraph 119 of the complaint.

120.   No response to the allegations contained in paragraph 120 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.   No response to the allegations contained in paragraph 121 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.   No response to the allegations contained in paragraph 122 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 122 of the Complaint, except admit that a conference call was held on or about December 19, 2016 concerning Autonomous' supervisory structure.  Defendants further aver that Autonomous' supervisory structure has always been compliant with applicable law.

123.    No response to the allegations contained in paragraph 123 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    No response to the allegations contained in paragraph 124 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    No response to the allegations contained in paragraph 125 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 125 of the Complaint, except admit that, on December 21, 2016, Plaintiff sent an email to Mr. Davis concerning reporting lines.

126.    No response to the allegations contained in paragraph 126 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants admit that Mr. Davis sent an email to Plaintiff that contains the text selectively quoted in paragraph 126 of the Complaint.

127.     No response to the allegations contained in paragraph 127 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

128.     No response to the allegations contained in paragraph 128 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

129.     No response to the allegations contained in paragraph 129 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

130.     No response to the allegations contained in paragraph 130 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice.  *See* ECF No. 100.

131.     No response to the allegations contained in paragraph 131 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

132.     No response to the allegations contained in paragraph 132 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

133.    No response to the allegations contained in paragraph 133 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

134.    No response to the allegations contained in paragraph 134 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

135.    No response to the allegations contained in paragraph 135 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

136.    No response to the allegations contained in paragraph 136 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

137.    No response to the allegations contained in paragraph 137 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 137 of the Complaint, except admit that Autonomous underwent a FINRA audit in February 2017 and Plaintiff was the main point of contact for this audit.

138.    No response to the allegations contained in paragraph 138 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 138 of the

Complaint, except admit that Ms. Guthrie was actively involved in the FINRA audit, including participating in phone calls with the auditors.

139.    No response to the allegations contained in paragraph 139 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.    No response to the allegations contained in paragraph 140 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.    No response to the allegations contained in paragraph 141 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 141 of the Complaint, except admit that Plaintiff prepared WSPs that were provided to Ms. Guthrie.

142.    Defendants deny the allegations contained in paragraph 142 of the Complaint, except admit that Plaintiff's legal counsel sent a letter to Defendants on February 13, 2017 setting forth certain allegations.

143.    No response to the allegations contained in paragraph 143 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 143 of the Complaint, except admit that, on February 20, 2017, Mr. Davis sent an email to Plaintiff, copying Ms. Guthrie, requesting that Plaintiff confirm that she was carrying out all of her supervisory responsibilities and requesting that she correct the errors in the WSPs that she had drafted.

144.    No response to the allegations contained in paragraph 144 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.    No response to the allegations contained in paragraph 145 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.    No response to the allegations contained in paragraph 146 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    No response to the allegations contained in paragraph 147 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.     No response to the allegations contained in paragraph 148 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 148 of the Complaint, except admit that Plaintiff executes supervisory functions, including but not limited to day-to-day management in the US and approving policies and procedures.

149.     No response to the allegations contained in paragraph 149 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 149 of the Complaint, except admit that Plaintiff was expected to interface with FINRA during the audit as part of her responsibilities as the Chief Compliance Officer of Autonomous US.

150.     No response to the allegations contained in paragraph 150 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.     No response to the allegations contained in paragraph 151 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 151, except admit

that Mr. Davis and Mr. Graham spoke with Plaintiff on February 23, 2017 concerning her supervisory responsibilities.

152.    No response to the allegations contained in paragraph 152 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    No response to the allegations contained in paragraph 153 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 153 of the Complaint, except admit that Mr. Davis emailed Plaintiff on February 24, 2017 concerning her responsibilities as Chief Compliance Officer and Chief Financial Officer.

154.    No response to the allegations contained in paragraph 154 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    No response to the allegations contained in paragraph 155 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 155 of the

Complaint, except admit that Mr. Davis requested that Plaintiff respond to his email by the close of business.

156.    No response to the allegations contained in paragraph 156 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 156 of the Complaint, except admit that, on March 17, 2017, a trader directly emailed Mr. Smart and the "Compliance – Global" and "Operations – Global" listservs concerning an "Error in US trading."

157.    No response to the allegations contained in paragraph 157 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 157 of the Complaint, except admit that Plaintiff supervised Autonomous' trading staff.

158.    No response to the allegations contained in paragraph 158 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 158 of the Complaint, except admit that Plaintiff has supervised Autonomous' trading staff.

159.    No response to the allegations contained in paragraph 159 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.    No response to the allegations contained in paragraph 160 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    No response to the allegations contained in paragraph 161 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.    No response to the allegations contained in paragraph 162 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

163.    No response to the allegations contained in paragraph 163 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

164.    No response to the allegations contained in paragraph 164 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

165.    No response to the allegations contained in paragraph 165 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

166.    No response to the allegations contained in paragraph 166 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

167.    No response to the allegations contained in paragraph 167 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

168.    No response to the allegations contained in paragraph 168 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

169.    No response to the allegations contained in paragraph 169 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

170.    No response to the allegations contained in paragraph 170 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 170 of the Complaint.

171.    No response to the allegations contained in paragraph 171 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.

172.    No response to the allegations contained in paragraph 172 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice. *See* ECF No. 100.  To the extent a

response is required, Defendants deny the allegations contained in paragraph 172 of the Complaint, except admit that Ms. Guthrie took a leave of absence.

173.    No response to the allegations contained in paragraph 173 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's claims against Ms. Guthrie, all of which have been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 173 of the Complaint, except admit that Ms. Guthrie communicated via email with her fellow Partners, with the exception of Plaintiff, while she was on leave.

174.    No response to the allegations contained in paragraph 174 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's claims against Ms. Guthrie, all of which have been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 174 of the Complaint.

175.    No response to the allegations contained in paragraph 175 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's claims against Ms. Guthrie, all of which have been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 175 of the Complaint, except admit that Ms. Guthrie is currently the Global Head of Compliance and the Autonomous website lists her title as Partner, Compliance Officer.

176.    No response to the allegations contained in paragraph 176 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's claims against Samantha Guthrie, all of which have been dismissed with prejudice. *See* ECF No.

100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 176 of the Complaint, except admit that Mr. Davis is the Chief Executive Officer.

177.    No response to the allegations contained in paragraph 177 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

178.    No response to the allegations contained in paragraph 178 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.

179.    No response to the allegations contained in paragraph 179 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 179 of the Complaint.

180.    No response to the allegations contained in paragraph 180 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 180 of the Complaint.

181.    No response to the allegations contained in paragraph 181 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 181 of the Complaint.

182.     No response to the allegations contained in paragraph 182 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 182 of the Complaint, except admit that Plaintiff expressed unfounded concerns that she was not invited to certain MiFID II meetings that did not relate to her role or responsibilities.

183.     No response to the allegations contained in paragraph 183 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required Defendants deny the allegations contained in paragraph 183 of the Complaint.

184.     No response to the allegations contained in paragraph 184 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 184 of the Complaint.  Defendants aver that Mr. Davis informed Plaintiff that she had circulated incomplete and/or inaccurate projections or estimates and he requested that she not provide such information because it was not helpful and misleading.

185.     No response to the allegations contained in paragraph 185 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 185 of the

Complaint, except admit that Plaintiff forwarded an email to Mr. Davis from an Executive
Committee Member.

186.     No response to the allegations contained in paragraph 186 of the Complaint is
necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's
SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a
response is required, Defendants deny the allegations contained in paragraph 186 of the
Complaint.

187.     No response to the allegations contained in paragraph 187 of the Complaint is
necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's
SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a
response is required, Defendants deny the allegations contained in paragraph 187 of the
Complaint.

188.     No response to the allegations contained in paragraph 188 of the Complaint is
necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's
SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a
response is required, Defendants deny the allegations contained in paragraph 188 of the
Complaint.

189.     No response to the allegations contained in paragraph 189 of the Complaint is
necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's
SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a
response is required, Defendants deny the allegations contained in paragraph 189 of the
Complaint, except admit that Mr. Davis emailed Plaintiff on or around December 23, 2017
concerning her view and vote regarding proposed updates to the handbook.

190.     No response to the allegations contained in paragraph 190 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny information sufficient to form a belief regarding the truth of allegations contained in paragraph 190 of the Complaint.

191.     No response to the allegations contained in paragraph 191 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 191 of the Complaint.

192.     No response to the allegations contained in paragraph 192 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 192 of the Complaint.

193.     Defendants deny the allegations contained in paragraph 193 of the Complaint, except admit that on November 30, 2012, Plaintiff signed as the employer and as the employee on the contract and also signed the Autonomous US Partnership Agreement.

194.     Defendants deny the allegations contained in paragraph 194 of the Complaint, except admit that the contract contains the text selectively quoted in paragraph 194 of the Complaint and this language appears in the contract for every Autonomous Partner, including its CEO.

195.     Defendants deny the allegations contained in paragraph 195 of the Complaint, except admit that the contract contains the text selectively quoted in paragraph 195 of the Complaint.  Defendants aver that the contract also states that Plaintiff "shall continue to be bound by the provisions of the Partnership Agreement[,]" which provides that she can only be removed from the Partnership under certain limited circumstances.

196.     Defendants deny the allegations contained in paragraph 196 of the Complaint, except admit that the job description document, which was given to all Autonomous Partners, contains the text selectively quoted in paragraph 196 of the Complaint and this language appears in the contract for every Autonomous Partner, including its CEO.

197.     Defendants deny the allegations contained in paragraph 197 of the Complaint.

198.     Defendants deny the allegations contained in paragraph 198 of the Complaint.

199.     Defendants deny the allegations contained in paragraph 199 of the Complaint.

200.     Defendants deny the allegations contained in paragraph 200 of the Complaint, except admit that Plaintiff currently owns 0.876 percent of Autonomous US, which vests upon the occurrence of certain triggering events described in the Partnership Agreement.

201.     Defendants deny the allegations contained in paragraph 201 of the Complaint.

202.     Defendants deny the allegations contained in paragraph 202 of the Complaint, except admit that Plaintiff's 2016 K-1 tax forms list the value of her interest at zero and 0% was listed on Plaintiff's 2016 Schedule K-1.

203.     Defendants deny the allegations contained in paragraph 203 of the Complaint, except admit that, on April 25, 2016, Mr. Graham sent an email to all Autonomous Partners and employees, including Partners and employees in London and the United States, which announced the establishment of the Executive Committee and it will run the business globally.

204.    Defendants deny the allegations contained in paragraph 204 of the Complaint, except admit that, on April 25, 2016, Mr. Graham sent an email to all Autonomous Partners and employees, including Partners and employees in London and the United States, which stated that the Shareholders Council will be involved with decisions concerning strategy, dilution, control and senior management changes.  Defendants further admit that Plaintiff is not a member of the Shareholders Council.

205.    Defendants deny the allegations contained in paragraph 205 of the Complaint, except admit that Autonomous has a Remuneration Committee and Plaintiff is not a member of the Remuneration Committee.

206.    Defendants deny the allegations contained in paragraph 206 of the Complaint, except admit that Plaintiff is a Managing Partner of Autonomous US, is not a current member of the Executive Committee, the Members' Council, or the Remuneration Committee.

207.    No response to the allegations contained in paragraph 207 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 207 of the Complaint.

208.    No response to the allegations contained in paragraph 208 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  Defendants deny the allegations contained in paragraph 208 of the Complaint, except admit that Plaintiff sent an email to Mr. Davis dated May 24, 2017 that stated her view that "Sam, who you/Jon have repeatedly

(over the last six+ months) told me is my direct supervisor and in charge of global compliance…" and Ms. Guthrie is not a Partner of Autonomous US.

209.    Defendants deny the allegations contained in paragraph 209 of the Complaint, except admit that, on May 20, 2017, Mr. Davis sent an email to Plaintiff that contains the text selectively quoted in paragraph 209 of the Complaint.

210.    Defendants deny the allegations contained in paragraph 210 of the Complaint, except admit that, on December 1, 2017, Mr. Davis sent an email to Plaintiff containing the text selectively quoted in paragraph in paragraph 210 of the Complaint.

211.    Defendants deny the allegations contained in paragraph 211 of the Complaint, except admit that Plaintiff is a member of the US Operating Committee that works with the Executive Committee on US matters.

212.    No response to the allegations contained in paragraph 212 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX Claim, which has been dismissed with prejudice.  *See* ECF No. 100.  To the extent a response is required, Defendants deny the allegations contained in paragraph 212 of the Complaint.

213.    Defendants deny the allegations contained in paragraph 213 of the Complaint.

214.    Defendants deny the allegations contained in paragraph 214 of the Complaint, except admit that Plaintiff does not provide final approval over WSPs.

## AS TO THE "FIRST CAUSE OF ACTION"

215.    Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

216.    Defendants deny the allegations contained in paragraph 216 of the Complaint.

217.    Defendants deny the allegations contained in paragraph 217 of the Complaint.

218.    Defendants deny the allegations contained in paragraph 218 of the Complaint.

219.    Defendants deny the allegations contained in paragraph 219 of the Complaint.

220.    Defendants deny the allegations contained in paragraph 220 of the Complaint.

**AS TO THE "SECOND CAUSE OF ACTION"**

221.    Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

222.    Defendants deny the allegations contained in paragraph 222 of the Complaint.

223.    Defendants deny the allegations contained in paragraph 223 of the Complaint.

224.    Defendants deny the allegations contained in paragraph 224 of the Complaint.

225.    Defendants deny the allegations contained in paragraph 225 of the Complaint.

226.    Defendants deny the allegations contained in paragraph 226 of the Complaint.

**AS TO THE "THIRD CAUSE OF ACTION"**

227.    Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

228.    Defendants deny the allegations contained in paragraph 228 of the Complaint.

229.    Defendants deny the allegations contained in paragraph 229 of the Complaint.

230.    Defendants deny the allegations contained in paragraph 230 of the Complaint.

231.    Defendants deny the allegations contained in paragraph 231 of the Complaint.

232.    Defendants deny the allegations contained in paragraph 232 of the Complaint.

**AS TO THE "FOURTH CAUSE OF ACTION"**

233.    Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

234.    No response to the allegations contained in paragraph 234 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's

SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 234 of the Complaint.

235.   No response to the allegations contained in paragraph 235 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 235 of the Complaint.

236.   No response to the allegations contained in paragraph 236 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 236 of the Complaint.

237.   No response to the allegations contained in paragraph 237 of the Complaint is necessary or appropriate because the allegations contained in this paragraph pertain to Plaintiff's SOX claim, which has been dismissed with prejudice. *See* ECF No. 100. To the extent a response is required, Defendants deny the allegations contained in paragraph 237 of the Complaint.

## AS TO THE "FIFTH CAUSE OF ACTION"

238.   Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

239.   Defendants deny the allegations contained in paragraph 239 of the Complaint.

240.   Defendants deny the allegations contained in paragraph 240 of the Complaint.

241.   Defendants deny the allegations contained in paragraph 241 of the Complaint.

242.     Defendants deny the allegations contained in paragraph 242 of the Complaint.

243.     Defendants deny the allegations contained in paragraph 243 of the Complaint.

## AS TO THE "SIXTH CAUSE OF ACTION"

244.     Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

245.     Defendants deny the allegations contained in paragraph 245 of the Complaint.

246.     Defendants deny the allegations contained in paragraph 246 of the Complaint.

247.     Defendants deny the allegations contained in paragraph 247 of the Complaint.

## AS TO THE "SEVENTH CAUSE OF ACTION"

248.     Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

249.     Defendants deny the allegations contained in paragraph 249 of the Complaint.

250.     Defendants deny the allegations contained in paragraph 250 of the Complaint.

## AS TO THE "EIGHTH CAUSE OF ACTION"

251.     Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

252.     Defendants deny the allegations contained in paragraph 252 of the Complaint.

253.     Defendants deny the allegations contained in paragraph 253 of the Complaint.

## AS TO THE "NINTH CAUSE OF ACTION"

254.     Defendants repeat each of the answers to each and every allegation of the Complaint as if fully set forth herein.

255.     Defendants deny the allegations contained in paragraph 255 of the Complaint.

256.     Defendants deny the allegations contained in paragraph 256 of the Complaint.

257.     Defendants deny the allegations contained in paragraph 257 of the Complaint.

## AS TO THE "TENTH CAUSE OF ACTION"

258.     Defendants repeat each of the answers to each and every allegation of the

Complaint as if fully set forth herein.

259.     Defendants deny the allegations contained in paragraph 259 of the Complaint.

260.     Defendants deny the allegations contained in paragraph 260 of the Complaint.

261.     Defendants deny the allegations contained in paragraph 261 of the Complaint.

## AS TO THE "ELEVENTH CAUSE OF ACTION"

262.     Defendants repeat each of the answers to each and every allegation of the

Complaint as if fully set forth herein.

263.     Defendants deny the allegations contained in paragraph 263 of the Complaint.

264.     Defendants deny the allegations contained in paragraph 264 of the Complaint.

265.     Defendants deny the allegations contained in paragraph 265 of the Complaint.

## AS TO THE "PRAYER FOR RELIEF"

Defendants deny the allegations contained in the "Prayer for Relief" section of the

Complaint, deny the allegations in the "WHEREFORE" clauses in that section of the Complaint,

and further deny that Plaintiff is entitled to any of the relief demanded therein or any relief

whatsoever.  Defendants deny each and every allegation in the Complaint not specifically

admitted herein.

## AFFIRMATIVE OR OTHER DEFENSES

In further of their Answer to the Complaint, and pursuant to Rule 8 of the Federal Rules

of Civil Procedure, Defendants state as follows for their affirmative and other defenses, without

admitting thereby that they necessarily bear the burden of proof on any such defense.

Defendants explicitly reserve their right to assert other and additional defenses, cross-claims, and

third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted or a claim for which the damages sought may be awarded.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to satisfy certain statutory conditions precedent to bringing a lawsuit, including but not limited to, failure to properly exhaust administrative remedies.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or filing periods.

### FOURTH DEFENSE

To the extent, if any, Defendants engaged in conduct with respect to Plaintiff, (1) all actions by Defendants with respect to Plaintiff were lawful and were made in good faith compliance with applicable provisions of law, rules, and regulations, and (2) all actions by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, non-prohibited reasons and/or for good cause.

### FIFTH DEFENSE

Even assuming that Defendants ever engaged in any conduct with respect to Plaintiff that was motivated in part by unlawful reasons (which Defendants expressly deny), Defendants would have taken the same actions with respect to Plaintiff for lawful, non-discriminatory, non-retaliatory reasons.

## SIXTH DEFENSE

Even assuming that there ever was any unlawful discriminatory behavior with respect to Plaintiff (which Defendants expressly deny), Defendants at all times exercised reasonable care to prevent and promptly correct such, and Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendants or to avoid harm otherwise.

## SEVENTH DEFENSE

Even assuming that Plaintiff was paid less than Partners or employees of the other sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions (which Defendants expressly deny), any such payment was and/or is made pursuant to a differential based on any other factor other than sex.

## EIGHTH DEFENSE

Defendants at all relevant times have maintained, disseminated and observed equal employment, a harassment-free work environment, and anti-retaliation policies, that *inter alia*, provide that all personnel decisions are to be made on the basis of merit without regard to gender or on any other basis that is protected under applicable law, prohibit any form of harassment or intimidation on any basis that is protected by applicable law, and prohibit any form of retaliation against an individual who reports a claim of discrimination or who opposes any act or practice made unlawful by any federal, state, or local statute, or who cooperates in the investigation of such a report.

## NINTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff was not an "employee" of Defendants.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of estoppel, laches, waiver, and/or unclean hands.

**ELEVENTH DEFENSE**

Plaintiff has not been damaged by any of Defendants' actions.

**TWELFTH DEFENSE**

If damaged, which Defendants expressly deny, Plaintiff has failed to make reasonable and diligent efforts to mitigate damages.

**THIRTEENTH DEFENSE**

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to recover punitive damages because, at all relevant times, Defendants engaged in good faith efforts to comply with all of their obligations.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to recover any exemplary or punitive damages because Defendants did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless act.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to recover attorneys' fees and costs under the causes of action as demanded in the Complaint.

**SEVENTEENTH DEFENSE**

The Court does not have subject matter jurisdiction over all or part of the claims asserted in the Complaint.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants and dismiss the Complaint in its entirety, and award Defendants their attorneys' fees and costs and such other relief as the Court deems just and proper.

Dated: October 15, 2018
       New York, New York

PROSKAUER ROSE LLP

*/s/ Lloyd B. Chinn*
Lloyd B. Chinn
Andrew M. Sherwood
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
lchinn@proskauer.com
asherwood@proskauer.com

*Attorneys for Defendants*